J-S47020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANEISA IVETTE ALTIERI | : | |
| | : | |
| Appellant | : | No. 114 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 2, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0002571-2018

BEFORE:   STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 9, 2021**

Appellant Aneisa Ivette Altieri appeals from the judgment of sentence imposed following her convictions for resisting arrest, disorderly conduct,[1] and related summary offenses.  Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  We grant counsel's request to withdraw and affirm.

By way of background, the Commonwealth filed the aforementioned charges against Appellant after she was involved in an altercation with police during a traffic stop in May of 2018.  Prior to trial, Appellant filed a suppression motion alleging that the police did not have the authority to stop her vehicle

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5104 and 5503(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

because she was in a Walmart parking lot, rather than a public highway. In lieu of a suppression hearing, the parties entered a joint stipulation of facts, which established that (1) the police observed Appellant's vehicle while it was being operated on Highland Park Boulevard, which is a public 'highway' as defined under 75 Pa.C.S. § 102; (2) while stopped behind Appellant at a red light, police "ran a check" of Appellant's license plate and discovered that the registration was expired; and (3) after observing the violation, the police immediately followed Appellant into the Walmart parking lot and conducted the traffic stop. Based on these facts, the trial court denied Appellant's motion to suppress.

The matter proceeded to a jury trial on June 25, 2019. At trial, Officer Robert Capparell testified that he and his partner, Officer Timothy Brodhead, were on routine patrol when they saw Appellant traveling northbound on Highland Park Boulevard in Wilkes-Barre. N.T. Trial, 6/25/19, at 27-28. After running Appellant's license plate through the Pennsylvania Judicial Network (JNET), Officer Capparell discovered that the vehicle registration was expired. *Id.* at 27. Officer Capparell explained that after the police activated their lights and sirens, Appellant turned into the Walmart parking lot and pulled into a parking spot. *Id.* at 29. Officer Capparell stated that the officers followed Appellant into the parking lot, where "many cars and people were around." *Id.*

Officer Capparell testified that there were two passengers in Appellant's vehicle at the time of the stop. *Id.* As the officers approached, Officer

- 2 -

Brodhead stated that Appellant was "very agitated." *Id.* at 62. Officer Brodhead testified that he "tried to explain to her that we stopped the vehicle because the registration was, in fact, expired and had been for, I believe, several months." *Id.* However, Appellant began "yelling and screaming and said, 'This is my mom's car. You have no right to stop me. I'm in a parking spot.'" *Id.* at 62.

Officer Brodhead stated that, although he tried to "talk [Appellant] down," she continued yelling and refused to roll down her window. *Id.* The officers called for backup, at which point Officer Joseph Wozniak and Officer Christopher Ward arrived at the scene. *Id.* at 33.

Officer Brodhead explained:

[A]fter the other passengers ultimately got out of the vehicle, we asked her multiple times to exit the vehicle. She refused. I ordered her out of the vehicle. Once again, [she] refused. And then Officer Wozniak found that . . . the front side passenger door was unlocked. So he opened that door and opened the driver's door from the inside reaching over [Appellant]. Once the door was open, we escorted [Appellant] out of the vehicle at which point she started swinging and punching. She punched myself and Officer Ward.

I told her that she was under arrest, and at that point that's when we were trying to physically take her into custody. I was trying to get her arms behind her back and, you know, she absolutely refused with all of her strength, just absolutely refused to put her arms behind her back. And that's when she was – she was actively resisting, being physically combative, and that's when Officer Ward utilized his Taser to try and overcome the resistance.

*Id.* at 64-65.

- 3 -

Officer Ward further testified that, as Appellant was removed from the car:

> She began screaming, cursing at us.  She began to flail her arms in a way where we were unable to gain full control of her.  As myself and [Officer] Brodhead attempted to gain control of her, she began to swing her arms thus striking myself and [Officer] Brodhead to the point where I pulled out my department issued X2 Taser.  I utilized the drive stun technique to the back shoulder of Appellant which had zero to no effect on her whatsoever.  At that point she then shoved myself and Brodhead away from her and I deployed my Taser with full contact, which would be two darts.

*Id.* at 96-97.

Appellant also presented testimony from the passengers, who provided alternative accounts of the incident.  *See id.* at 79-87.  Ultimately, on June 26, 2019, the jury convicted Appellant of resisting arrest and disorderly conduct.  As to the summary offenses, the trial court found Appellant guilty of operating a vehicle without a valid inspection and driving without a license, but not guilty of driving an unregistered vehicle.  Sentencing was deferred for the preparation of a pre-sentence investigation (PSI) report.

On August 12, 2019, the trial court sentenced Appellant to an aggregate term of nine months' probation.  Appellant filed a timely post-sentence motion requesting a modification to the court-imposed fees, which the trial court denied.

Appellant subsequently filed a timely notice of appeal.  Counsel filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file an *Anders*/*Santiago* brief. The trial court issued a Rule 1925(a) opinion in which it addressed Appellant's

sentence and concluded that Appellant's convictions were supported by both the weight and sufficiency of the evidence.

On appeal, counsel has filed a petition to withdraw and an accompanying *Anders*/*Santiago* brief asserting that the instant appeal is frivolous.[3] Counsel's withdrawal petition indicates that he sent a copy of the *Anders* brief to Appellant. Counsel also included a copy of the letter he sent to Appellant advising her of her right to proceed *pro se* or with new, privately retained counsel. Appellant has not filed a *pro se* response or a counseled brief with new counsel.

Counsel's *Anders*/*Santiago* brief identifies the following issues:

1. Did the trial court err or abuse its discretion in failing to suppress all evidence which was the result of an illegal traffic stop?

2. Was the evidence in this case sufficient to sustain a guilty verdict regarding the charge of resisting arrest?

3. Was the evidence in this case sufficient to sustain a verdict of guilty regarding the disorderly conduct charge?

*Anders*/*Santiago* Brief at 2.[4]

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's

---

[3] We note that although counsel filed a petition to withdraw indicating that he sent a copy of the *Anders* brief to Appellant, he initially failed to file his *Anders* brief with this Court. However, counsel corrected this error and immediately complied with this Court's order to file an *Anders* brief.

[4] The Commonwealth did not file a brief, and Appellant did not file a response.

request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Only after determining that counsel has satisfied these technical requirements, may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super.

2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining her appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claims, and sets forth the conclusion that the appeal is frivolous. Accordingly, we conclude that counsel has met the technical requirements of *Anders* and *Santiago*, and we will proceed to address the issues raised in counsel's *Anders*/*Santiago* brief.

### Motion to Suppress

Counsel first identifies Appellant's claim that the trial court erred in denying her motion to suppress. *Anders*/*Santiago* Brief at 10. Specifically, "Appellant maintains that the [traffic] stop was unconstitutional because it did not occur on a public highway, but rather on a trafficway, as defined by the Pennsylvania Motor Vehicle Code (MVC), which authorizes stops for non-serious violations only upon public highways." *Id.* at 7. However, counsel explains that, "according to the joint stipulation of facts, the officers confirmed that the vehicle was being operated with an expired registration when it was

still located on a public 'highway.'" ***Id.*** As such, counsel suggests that nothing precluded the officers from "following [] Appellant from the public highway into the trafficway to either initiate a traffic stop or engage in further investigation." ***Id.*** at 19. Under these circumstances, where police had both reasonable suspicion and probable cause to effectuate the traffic stop, counsel submits that there was no violation of Appellant's constitutional rights that would warrant suppression. ***Id.*** at 20.

In reviewing a challenge to a trial court's suppression ruling, our standard of review is limited to determining

> whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Green***, 168 A.3d 180, 183 (Pa. Super. 2017) (citation omitted).

Where a traffic stop is "based on the observed violation of the Vehicle Code or [an] otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop." ***Commonwealth v.***

*Harris*, 176 A.3d 1009, 1019 (Pa. Super. 2017) (citation omitted). A police officer "has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." *Id.* (citation omitted).

Section 1301(a) of the Motor Vehicle Code provides that "[n]o person shall drive or move . . . upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration." 75 Pa.C.S. § 1301(a); *see also* 75 Pa.C.S. § 3101(a) (stating that the provisions governing the operation of motor vehicles pertain solely to vehicles operated on "highways" unless otherwise stated); *see also* 75 Pa.C.S. § 102 (defining a "highway" as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel").

Here, as noted previously, Appellant was operating the vehicle on Highland Park Avenue, a public highway, when the police confirmed that the vehicle's registration was expired. At that point, police had probable cause to stop Appellant for a violation of 75 Pa.C.S. § 1301(a). *See Harris*, 176 A.3d at 1019; *see also Commonwealth v. Richard*, 238 A.3d 522, 527 (Pa. Super. 2020) (concluding that police had probable cause to conduct a traffic stop upon discovering that the defendant's car was unregistered). Therefore, because police had probable cause for the stop, we agree with counsel's assessment that the trial court properly denied Appellant's motion to suppress. *See Green*, 168 A.3d at 183.

**Sufficiency of the Evidence – Resisting Arrest**

Counsel next identifies Appellant's claim that there was insufficient evidence to sustain her conviction for resisting arrest. ***Anders***/***Santiago*** Brief at 8-9. Counsel notes that, at trial, the jury heard conflicting testimony from witnesses who described Appellant's conduct before and during her arrest. ***Id.*** at 13-14. Nonetheless, counsel suggests that any factual dispute that existed at trial must be resolved in the Commonwealth's favor, as the jury "passed on the credibility of the witnesses and evidence" and concluded that there was sufficient evidence to establish the resisting arrest charge. ***Id.***

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Palmer***, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted), *appeal denied*, 204 A.3d 924 (Pa. 2019).

To sustain a conviction for resisting arrest, the Commonwealth must prove that "with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104. Further, "[i]ntent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances." *Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa. Super. 2007) (citation omitted).

Here, as discussed previously, Appellant refused to comply with the police officers' directives throughout the traffic stop. *See* N.T. Trial at 64-65, 96-97. Ultimately, after the officers removed Appellant from the vehicle to place her under arrest, Appellant refused to comply with any police directives, punched two of the officers with a closed fist, and became physically combative to the point that Officer Ward needed to employ his Taser. *See id.* at 65, 96-97. Under these circumstances, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with counsel's assessment that there was sufficient evidence to sustain Appellant's conviction for resisting arrest. *See Palmer*, 192 A.3d at 89; *see also* 18 Pa.C.S. § 5104.

### Sufficiency of the Evidence – Disorderly Conduct

Counsel next identifies Appellant's claim that there was insufficient evidence to support her conviction for disorderly conduct. **Anders**/**Santiago** Brief at 9. Specifically, "Appellant submits that the Commonwealth failed to establish the requisite intent to commit this offense as she did not engage in fighting with the officers or threatening or tumultuous behavior and had no intent to do so." **Id.** at 10. However, counsel suggests that "by fighting with officers at the scene, Appellant's conduct satisfies the element of engaging in fighting or violent behavior." **Id.** at 15-16. Further, counsel notes that although Appellant stated that she "believed that the officers were violating her rights," it does not render the evidence insufficient. **Id.** at 16. Finally, counsel explains that "the evidence in this case is sufficient to justify an enhancement from a summary offense to a misdemeanor" because "Appellant persisted in her violent behavior even after officers attempted to calm her down." **Id.**

Pursuant to Section 5503 of the Crimes Code, "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, [s]he . . . engages in fighting or threatening, or in violent or tumultuous behavior[.]" 18 Pa.C.S. § 5503(a)(1). "An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist." 18 Pa.C.S. § 5503(b).

Here, as noted previously, the Commonwealth presented evidence that Appellant refused to comply with any police directives, punched two of the officers with a closed fist, and continued to resist arrest until Officer Ward utilized his Taser. *See* N.T. Trial at 64-65; 96-97. Under these circumstances, and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with counsel's assessment that there was sufficient evidence to support Appellant's conviction for disorderly conduct. ***See Palmer***, 192 A.3d at 89; ***see also*** 18 Pa.C.S. § 5503(a)(1). Therefore, we agree with counsel's assessment that Appellant's claim is frivolous.

**<u>Discretionary Aspects of Sentence</u>**

Although not included in the statement of questions, counsel also discusses the discretionary aspects of Appellant's sentence. ***Anders***/***Santiago*** Brief at 21. Counsel notes that the trial court reviewed a PSI report and imposed a sentence that was within the standard guideline range for each offense. *Id.* Further, counsel explains that "[a]fter review and evaluation of the entire record, counsel is of the opinion that the trial court, being aware of and having considered the PSI, satisfied the Sentencing Code" and therefore, counsel cannot "cite to a specific breach of the Sentencing Code or violation of its fundamental norms." *Id.* at 23. Therefore, counsel suggests that Appellant does not have a meritorious challenge to the discretionary aspects of her sentence. *Id.*

Initially, we note that "challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted and formatting altered). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

***Commonwealth v. Tukhi***, 149 A.3d 881, 888 (Pa. Super. 2016) (some citations omitted).

Further, it is well settled that "[i]ssues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citation omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, although Appellant filed a post-sentence motion seeking a reduction of the fines imposed by the trial court, she did not preserve any claims implicating the discretionary aspects of her probationary sentence. ***See*** Appellant's Post-Sentence Mot., 8/22/19, at 1-2. Therefore, any such claims are waived. ***See Tukhi***, 149 A.3d at 888; ***see also*** Pa.R.A.P. 302(a).

Accordingly, we agree with counsel's assessment that any challenge to the discretionary aspects of Appellant's sentence is frivolous. ***See Commonwealth v. Kalichak***, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

Based on our review of the record, we agree with trial counsel's assessment that the issues discussed in the ***Anders***/***Santiago*** brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. ***See Flowers***, 113 A.3d at 1250. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021